UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BILL CHILDERS,                                      Case No. 1:09-cv-173

      Plaintiff,                                  Barrett, J.
v.                                                  Bowman, M.J.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

## REPORT AND RECOMMENDATION

This is a Social Security disability benefits appeal for which the Court, acting pursuant to sentence four of 42 U.S.C. § 405(g), reversed the non-disability finding of the Administrative Law Judge ("ALJ"), and ordered a remand to the ALJ for further proceedings. (Docs. 17, 19). Now before the Court is a motion by Plaintiff's counsel for a contingency fee award in the amount of $12,000.00. (Doc. 21). The motion, which is unopposed by the Commissioner (*See* Doc. 22), is premised upon 42 U.S.C. § 406(b)(1)(A).[1]  *See Horenstein v. Sec'y of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir.1994) (en banc ).

---

[1] Section 406(b)(1)(A) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

Plaintiff entered into a fee agreement with his counsel authorizing a 25% contingency fee of past due benefits payable to Plaintiff and Plaintiff's dependents. (Doc. 21 at Ex. 1 at 3). Following remand by this Court on March 23, 2010, the Commissioner entered a fully favorable decision resulting in entitlement of past due benefits of over $118,000.00. *Id.* at pp. 4-12. Thus, 25% of the total past due benefits would be more than $29,000.00. As noted above, however, counsel is only requesting $12,000.00 in fees.

While an agreement between an attorney and client which provides for a 25% contingent fee is given a presumption of reasonableness, the agreement is not binding on the Court. *See Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir.1989) (en banc). The Court must ultimately determine what is reasonable and has discretion to award less than the fee provided in an agreement. In *Rodriquez*, the Sixth Circuit established a rebuttable presumption that an attorney would receive the full 25% contingency fee under contract unless (1) the attorney engaged in improper conduct or was ineffective, or (2) the attorney would enjoy an undeserved windfall due to the client's large back pay award or the attorney's relatively minimal effort.

In the present case, there are no allegations of improper conduct or ineffectiveness of counsel, nor any suggestion that counsel expended only minimal effort. Moreover, in light of counsel's experience in Social Security matters (*see* Doc. 21 at 7-8), it does not appear that the requested fee would result in an undeserved windfall.

It is therefore **RECOMMENDED** that the unopposed motion for § 406(b)(1)(A) fees (Doc. 21) be **GRANTED**, and that Plaintiff's counsel be **AWARDED** the requested $12,000.00 in fees.

*/s Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BILL CHILDERS,                      Case No. 1:09-cv-173

    Plaintiff,                       Barrett, J.
                                          Bowman, M.J.

    v.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).